294

Harold W. VAN ALLEN, pro se Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–166 C.

United States Court of Federal Claims.

July 13, 2005.

Harold W. Van Allen, pro se.

Tara K. Hogan, Washington, D.C., Department of Justice, with whom were Joshua Blume, Staff Attorney; and Lt. Mark Rosen, Department of the Navy, for defendant.

## OPINION AND ORDER

MEROW, Senior District Judge.

Plaintiff, Harold W. Van Allen, seeks military disability retirement pay and health care reimbursement retroactive to 1978. Plaintiff claims that he is eligible for military disability retirement pay based on his service in the United States Navy and a finding by the Social Security Administration that he was "completely disabled" from June 1978 through December 1986. The matter is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). In the alternative, defendant moves for a more definite statement under RCFC 12(e). Plaintiff has also filed an emergency motion for reimbursement of cognitive therapy expenses. For the reasons stated below, defendant's Motion to Dismiss is **GRANTED**, to the extent of plaintiff's medical benefits claim.

Plaintiff's Motion to Sever or Stay the medical benefits claim is **DENIED**. Plaintiff's Emergency Motion for Reimbursement of health care expenses is **DENIED**. Defendant's Motion for a More Definite Statement for the military pay claim is **GRANTED**.

## Background

The following facts are derived from Social Security Administration findings dated September 27, 2000 (Plaintiff's Response to Defendant's Motion to Dismiss, Exhibit C). Between 1974 and 1976, Mr. Van Allen was exposed to "various toxins including petroleum vapors and agent orange." In August 1976 he suffered a decompression injury during deep sea diving. In October 1977 Mr. Van Allen's commanding officer directed his early release from active duty. Plaintiff was released from active duty in the Navy in June 1978. No details about the discharge have been provided to this court, including information about any military board (physical evaluation, medical evaluation, retirement or otherwise) that may have evaluated the plaintiff's conditions or claim before discharge.

Plaintiff filed an application for Social Security disability benefits on September 17, 1985. Due to "error or oversight," no decision was rendered on the application at that time. The 1985 claim was reopened in 2000. The Social Security Administration found that Mr. Van Allen was "under a 'disability'" from June 30, 1978 through December 31, 1986. He suffered from severe mental and musculoskeletal impairments rendering him incapable of even sedentary work, and he was awarded compensation for that period. The Social Security Administration reopened his 1985 application due to their finding that Mr. Van Allen's disability would have "undoubtedly interfered" with his ability to file and pursue a Social Security claim prior to 1985. Beginning on January 1, 1987, Mr. Van Allen engaged in "substantial gainful activity," and it appears that he did not receive Social Security benefits from this date until October 15, 1991. In 1992, a separate application resulted in the award of disability and supplemental security income benefits retroactive to October 15, 1991. Mr. Van Allen is still receiving Social Security disability benefits today (Motion for Leave to Proceed in forma pauperis, filed January 25, 2005).

The Board for Correction of Naval Records ("BCNR") rejected Mr. Van Allen's petition for correction on March 21, 1986 and rejected a renewed application on August 8, 2003 (Plaintiff's Response to Defendant's Motion to Dismiss, Exhibit A). The Board did not explain the type of correction Mr. Van Allen sought or provide a reason for the initial rejection, stating only that the new information provided was "not material." No further details are provided by the plaintiff, including the type of correction sought, pay or entitlements granted or denied to him by the Navy, or the relation of Mr. Van Allen's disability to his service.

## Discussion

I. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

■ Claims not within the statutory or constitutional jurisdiction of the Court of Federal Claims must be dismissed. RCFC 12(b)(1). However, complaints should not be dismissed unless it is "beyond doubt" that the plaintiff will be unable to show any set of facts entitling him to relief. *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989). The Tucker Act grants this court jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States ...." 28 U.S.C. § 1491 (2000). The Tucker Act itself does not create a cause of action. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir.2005). Plaintiffs must additionally identify a separate statute, Constitutional provision, or contract that creates a right to financial damages. *Id.*

Mr. Van Allen urges the court to sever or stay his claim for health care expenses or benefits. Defendant correctly asserts that veterans health benefits are administered by the Department of Veterans Affairs ("VA"). 38 U.S.C. § 1710 (2000). Appeals from VA local offices lie with the Board of Veterans' Appeals. 38 U.S.C. § 7105 (2000). The Court of Appeals for Veterans Claims has

"exclusive jurisdiction to review decisions of the Board of Veterans' Appeals" under 38 U.S.C § 7252(a) (2000). Finally, appeals from that court are within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit.[1] 38 U.S.C. § 7292 (2000). Claims for veterans' benefits are not within the jurisdiction of the Court of Federal Claims. *Davis v. United States,* 36 Fed. Cl. 556, 559 (1996) *citing* 38 U.S.C. § 511 (1994).

Absent qualification for military disability retirement status, discussed *infra,* it is without doubt that Mr. Van Allen will be unable to identify a money-mandating statute or a set of facts entitling him to relief for health care expenses or benefits in this court. Severing or staying the claim will not rectify the court's lack of subject matter jurisdiction. Accordingly, plaintiff's Motion to Sever or Stay the health care expenses claim is **denied**. Defendant's Motion to Dismiss the separate health care expenses claim is **granted**.

## II. *Emergency Motion for Reimbursement*

Plaintiff's Emergency Motion for Reimbursement for cognitive therapy expenses seeks reimbursement in the amount of $1,210.68. The Secretary of Veterans Affairs may provide reimbursement for certain medical expenses. 38 U.S.C. § 1728 (2000). This reimbursement scheme is subject to the same review process as other claims for veterans' health care benefits or expenses as detailed above, and is thus outside the jurisdiction of this court. Accordingly, plaintiff's Emergency Motion for Reimbursement is **denied**.

## III. *Motion for a More Definite Statement*

Defendant's Motion to Dismiss suggests with admirable candor that Mr. Van Allen may be making a claim for military disability retirement pay. This court has jurisdiction to hear military disability retirement pay claims under 10 U.S.C. § 1201 (2000). *Bow-*

1. The Federal Circuit upheld the Court of Appeals of Veterans Claims' dismissal of Mr. Van Allen's appeal of the Board of Veterans' Appeals denial of his other disability claims for failure to timely file a notice of appeal, finding that Mr.

*en v. Massachusetts,* 487 U.S. 879, 918, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) *citing Friedman v. United States,* 159 Ct.Cl. 1, 30–31, 310 F.2d 381 (1962) (claim under 10 U.S.C. § 1201 entitled Friedman to disability retirement). Defendant suggests that plaintiff file an amended complaint under RCFC 12(e) and RCFC 8(a) to clarify the factual and legal bases of the claim.

■ Mr. Van Allen states that this court has jurisdiction over the Correction Board's rejection of his claims. Correction Board decisions are subject to judicial review, and may be properly set aside if they are found to be arbitrary, capricious or not based on substantial evidence. *Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). Additionally, Mr. Van Allen asserts that he is entitled to equitable tolling of any statute of limitations because of the Social Security Administration's finding that he was "sufficiently cognitively impaired" to toll filing a claim for benefits with that agency between 1978 and 1986.

### A. RCFC 8(a)

Rule 8(a) of the Rules of the United States Court of Federal Claims requires that pleadings contain "... (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Pro se litigants are generally held to less stringent standards in papers and pleadings. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *But see SEC v. Elliott,* 953 F.2d 1560, 1582 (11th Cir.1992) (refusing to extend less stringent standards beyond the context of pro se criminal appellants).

The Tucker Act does not create a cause of action. *Fisher,* 402 F.3d at 1172. A plaintiff bringing suit in the Court of Federal Claims under the Tucker Act must identify a separate money-mandating provision. *Id.* In the

Van Allen was not entitled to equitable tolling of the 120-day appeal period of 38 U.S.C. § 7266(a). *Van Allen v. Nicholson,* 129 Fed. Appx. 611 (Fed.Cir.2005) (unpublished decision).

context of military pay claims the required provision may be a statute, regulation or the Constitution. 28 U.S.C. § 1491. Mr. Van Allen's pleaded claim must be amended to identify this statute, regulation or provision in order to meet the requirements of RCFC 8(a)(1).

Rule 8(a)(2) requires "a short and plain statement of the claim." This statement includes both the legal basis for the claim and a brief summary of facts supporting the claim, such that the defendant is provided with "fair notice" of the plaintiff's claim in order to frame a response. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Ordinary pleading rules are not meant to impose a great burden on a plaintiff, but it should not prove burdensome for a plaintiff suffering economic loss to provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Dura Pharm., Inc. v. Broudo*, — U.S. ——, ——, 125 S.Ct. 1627, 1629, 161 L.Ed.2d 577 (2005).

If Mr. Van Allen is making a military disability retirement pay claim, his amended complaint should so state. Defendant has reasonably requested that the amended complaint identify basic facts supporting plaintiff's claim, including "dates of naval service, what benefit or entitlement he was denied [and] whether his disability is service-related." These amendments will allow the defendant and the court to address the legal and factual bases for the complaint, and to proceed appropriately.

Rule 8(a)(3) requires the plaintiff to state a demand for judgment for the relief the plaintiff is seeking. Rule 8(a)(3) "does not require that the demand for judgment be pled with great specificity." *Sheet Metal Workers Local 19 v. Keystone Heating & Air Conditioning*, 934 F.2d 35, 40 (3d Cir.1991). Plaintiff's Response to Defendant's Motion to Dismiss clearly states that he is seeking military disability retirement pay. His claim should be amended to include this language. Defendant's Motion for a More Definite Statement is **granted**.

**B. Statute of Limitations and Equitable Tolling**

▮ Although the issue of statute of limitations is not addressed by the defendant, Mr. Van Allen asserts that he is entitled to equitable tolling during his period of disability from 1978 through 1985. Statute of limitations issues may be addressed at any time. *Patton v. United States*, 64 Fed. Cl. 768, 774 (2005). The court may raise the issue of the statute of limitations *sua sponte*. *Id.* The statute of limitations is jurisdictional in this court, and must be strictly construed. *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576–77 (Fed.Cir. 1988).

Claims for military pay must be filed within six years from the date the claim accrues. 28 U.S.C. § 2501 (2000). Military disability retirement pay claims accrue when the "first statutorily authorized board ... hears or refuses to hear the claim." *Real v. United States*, 906 F.2d 1557, 1560 (Fed.Cir.1990). Normally, the first statutorily authorized board would be a retiring board seen prior to discharge. *Id.* However, if the service member did not request or was not offered a retiring board review, the decision of the corrections board (for example, the BCNR) triggers the statute of limitations. *Id.* Renewed petitions to the corrections board and subsequent rejection of such petitions do not create a new claim. *Id.*

Mr. Van Allen was discharged in 1978. While the court is unaware of the exact details of this discharge, including whether or not a retiring or medical board was offered or held, any retiring board decision would have been made in 1977 or 1978. If no retiring board was offered or held, Mr. Van Allen's claim, if asserted, accrued on the date of the initial rejection by the BCNR. Depending on the nature of the Correction Board proceeding, viewing Mr. Van Allen's claim in the most favorable light, the latest date at which his claim for military retirement pay would have accrued is March 21, 1986. Mr. Van Allen's complaint was not filed until January 25, 2005, and his claim may well be outside the six-year statute of limitations. 28 U.S.C. § 2501. Mr. Van Allen's renewed petition to the BCNR, rejected

on August 8, 2003, would not create a new claim. *Real* at 1560.

■ Mr. Van Allen urges the court to allow his time-barred claim to proceed under the doctrine of equitable tolling. Equitable tolling is available in all federal courts, including the Court of Federal Claims. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The doctrine is consistent with the legislative intent of the Tucker Act. *Land Grantors in Henderson, Union & Webster v. United States*, 64 Fed. Cl. 661, 712 (2005). However, it is narrowly applied in cases against the government. *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. The doctrine has been applied when the plaintiff has been tricked by an adversary's misconduct, or when he has filed faulty pleadings within the statutory time period. *Id.* Following this ruling, the Supreme Court commented that "tolling might be appropriate in other cases," suggesting that *Irwin* was not meant to be an exhaustive list of appropriate situations for equitable tolling. *Young v. United States*, 535 U.S. 43, 50, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). Based on this and the rule applied by several circuits, the Court of Appeals for the Federal Circuit found *Irwin* to allow equitable tolling in the federal courts under "a variety of circumstances," including mental illness. *Barrett v. Principi*, 363 F.3d 1316, 1318 (Fed.Cir.2004). *Barrett* is an appeal from a Board of Veterans' Appeals denial of a claim for post-traumatic stress disorder. *Id.* The Court of Appeals for the Federal Circuit found that it would be "both ironic and inhumane to rigidly implement ... [the statute of limitations] because the condition preventing a veteran from timely filing is often the same illness for which compensation is sought." *Barrett*, 363 F.3d at 1320.

■ While equitable tolling is available for mental illness, plaintiffs wishing to proceed under this theory bear the high burden of proving incapacity. *Goewey v. United States*, 222 Ct.Cl. 104, 612 F.2d 539, 544 (1979) (although remaining under psychiatric care after release from hospital, plaintiff was not under such legal disability as would toll the statute of limitations in a suit for military disability retirement pay). The law pre-

sumes sanity and competency. *Id.* Persons under a legal disability at the time the claim accrues must file claims within three years after the disability ceases. 28 U.S.C. § 2501.

The term "legal disability" was defined by the *Goewey* court as "a condition of mental derangement which renders the sufferer incapable of caring for his property, of transacting business, of understanding the nature and effects of his acts, and of comprehending his legal rights and abilities." 612 F.2d at 544. The mental incompetence of the plaintiff specifically must "prevent his comprehension of his legal rights to military disability retirement pay [and] the necessity of prosecuting them by timely suit." *Goewey*, 612 F.2d at 545. Participation in other legal or administrative attempts to secure rights or benefits during the period in question may be considered by the court as an indication of mental capacity. *See id.* at 546. *But see Powers v. United States*, 15 Cl.Ct. 702, 704–05 (1988) (holding that attempts to clarify legal or pension rights does not preclude tolling of statute of limitations when another tribunal has made a finding of incapacity). Finally, the disability must be proven to be continuous. *Goewey*, 612 F.2d at 546. A "lucid interval" starts the statute of limitations running, and resumption of disability does not reinstate tolling. *Id.*

Based on the Social Security findings provided to the court, Mr. Van Allen was under a disability from 1978 through 1986. There is nothing to indicate that Mr. Van Allen was disabled or receiving benefits of any kind from January 1, 1987 through October 15, 1991, a period of almost five years. Mr. Van Allen reports that he is currently receiving Social Security benefits, and it appears that these benefits have been continuously granted since October 15, 1991. If Mr. Van Allen was not in fact under a disability from 1987–1991, this could be considered a "lucid interval" by the court, again resulting in the suit being time barred. Should Mr. Van Allen wish to proceed with a disability retirement claim, he should be prepared to address the matter of mental incapacitation. A successful request for equitable tolling in this case will require a showing that Mr. Van Allen was continuously mentally incapacitated in a

way that prevented filing of this claim from the date of his discharge or initial rejection by an appropriate board until at least January 25, 2002, three years prior to the filing of this claim.

### CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Defendant's Motion to Dismiss plaintiff's medical benefits claim is **GRANTED.**

(2) Plaintiff's Motion to Sever or Stay the medical benefits claim is **DENIED.**

(3) Plaintiff's Emergency Motion for Reimbursement is **DENIED.**

(4) Defendant's Motion for a More Definite Statement is **GRANTED,** such that an amended complaint shall be submitted, on or before September 6, 2005, if military disability retirement status and compensation is claimed.

(5) Absent the filing of an amended complaint on or before September 12, 2005, final judgment dismissing this matter shall be entered.