Teresa Alen **FERREIRO,**
et al., **Plaintiffs,**

v.

The **UNITED STATES, Defendant.**

No. 00–648C.

United States Court of Federal Claims.

July 13, 2006.

Charles P. Randall, Boca Raton, FL, for plaintiffs.

David D'Alessandris, U.S. Department of Justice, Washington, DC, with whom were Peter D. Keisler, Assistant Attorney General and Director David M. Cohen, for defendant.

## OPINION GRANTING SUMMARY JUDGMENT

FIRESTONE, Judge.

Pending before the court is the motion by the United States government ("government") for summary judgment pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"). The government contends that this court does not

have jurisdiction to hear this action by the plaintiffs, Teresa Alen Ferreiro ("Ferreiro"), Dorothy Erasmo Jeffers ("Jeffers"), and Mario Vazquez Lopez ("Lopez") (or collectively, "the plaintiffs"). The plaintiffs are Cuban nationals seeking to recover pension and annuity benefits, which the government has allegedly withheld from them following the 1963 United States embargo against Cuba.

For the reasons that follow, the court agrees that the Court of Federal Claims does not have jurisdiction over the plaintiffs' claims for benefits and therefore the action must be dismissed. The court determined that oral argument was not necessary in this case.

## STATEMENT OF FACTS

The following facts are not in dispute. The plaintiffs claim that they are Cuban nationals residing in Cuba. Ms. Ferreiro and Ms. Jeffers seek civil service retirement benefits which they allege that they or their husbands were receiving prior to the embargo in 1963. Ms. Ferreiro and Ms. Jeffers are widows of Cuban national retirees of the Guantanamo Bay Naval Base in Cuba. Mr. Lopez asserts that he is entitled to veterans' benefits based on his service in the Merchant Marine.[1] The plaintiffs assert that the government stopped paying benefits after the promulgation of the Cuban Asset Control Regulations, 31 C.F.R. Part 515 ("the Regulations"), in 1963.

The Regulations were promulgated pursuant to Section 5(b) of the Trading with the Enemy Act of 1917, 50 U.S.C. Appendix, 40 Stat. 411, and are still in effect. The Regulations prohibit all "unlicensed" financial and commercial transactions with Cuba or Cuban nationals, except as authorized by the Secretary of the Treasury through a license or otherwise. 31 C.F.R. § 515.201 (2006). Under the Regulations, a "transaction" includes "any payment or transfer" of property to Cuba or a national thereof. 31 C.F.R. § 515.309 (2006).

On October 1, 2003, the Treasury Department, Office of Foreign Assets Control, issued License No. CU–72436 ("the license") to the Department of the Navy ("Navy") and to the Office of Personnel Management ("OPM") to allow the payment of accrued, but unpaid, civil service retirement benefits in annuity amounts or in amounts up to $300 per quarter pursuant to the terms of the license. Specifically, the license states, in relevant part: "The Licensees are authorized to engage in all transactions necessary to make annuity and related payments to Cuban national retirees of the Guantanamo Bay Navy Base ('Guantanamo'), Cuba, who retired from federal service prior to September 1, 1979, and/or their beneficiaries." Def.'s App. 1–2.

It is not disputed that the plaintiffs have not applied to OPM in order to receive payment under the terms provided for in the license. To date, none of the plaintiffs has been paid any money pursuant to the license.

## HISTORY OF THE LITIGATION

The motion comes before the court following a remand by the Federal Circuit in *Ferreiro v. United States*, 350 F.3d 1318 (Fed. Cir.2003). The case was originally dismissed for want of jurisdiction on the ground that this court did not have jurisdiction over the complaint pursuant to the Reciprocity Act, 28 U.S.C. 2502(a). *See Ferreiro v. United States*, 54 Fed.Cl. 274 (2002). The Federal Circuit vacated the dismissal and remanded the case "for a more complete assessment of whether the plaintiffs have satisfied the requirements of the Reciprocity Act." 350 F.3d at 1320.

Following remand, the court denied the plaintiffs' request for class certification and ordered the parties to focus their efforts on resolving the government's remaining jurisdictional defenses.[2] Following six months of

1. Mr. Lopez has abandoned his claim for civil service retirement benefits and seeks only veterans' benefits. Pl.'s Resp. to Def.'s Proposed Findings of Fact, No. 5.

2. In its order denying class certification, the court stated that, while the Reciprocity Act issue

was the reason the Federal Circuit remanded the plaintiffs' case, it was no longer the controlling issue for any plaintiffs who could obtain relief under the October 1, 2003 license issued by the Treasury Department.

discovery, the government filed the present motion for summary judgment on all of the plaintiffs' claims.

### STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." RCFC 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Unidynamics Corp. v. Automatic Prod. Int'l,* 157 F.3d 1311, 1316 (Fed.Cir.1998); *Adarbe v. United States,* 58 Fed.Cl. 707, 714 (2003).

### DISCUSSION

**A. This Court Does Not Have Jurisdiction Over the Plaintiffs' Claims.**

**1. Plaintiffs Ferreiro's and Jeffers' Claims For Civil Service Retirement Benefits**

■ It is not disputed that the benefits sought by Plaintiffs Ferreiro and Jeffers are provided for under the Civil Service Retirement System ("CSRS"). Before turning to the government's contention that this court does not have jurisdiction to order the payment of CSRS benefits, a brief overview of the CSRS is required. The Civil Service Retirement System, 5 U.S.C. §§ 8331–8351 (2000), was first enacted by the Civil Service Retirement Act of 1920, Pub.L. No. 66–215, 41 Stat. 612 (May 22, 1920). The Act has been amended numerous times and the current text and section number designations are codified in title 5, United States Code, Pub.L. No. 89–554, 80 Stat. 378 (Sept. 6, 1966).

In 1978, Congress enacted the Civil Service Reform Act, Pub.L. No. 95–454, 92 Stat. 1111 (Oct. 13, 1978) ("CSRA"), which gave OPM authority to adjudicate all claims made under the CSRS. 5 U.S.C. § 8347(a) and (b). Under the scheme enacted under the CSRA, survivor annuitants must file a claim for an annuity with OPM. 5 U.S.C. § 8331(11). OPM is then charged with determining eligibility. For example, if either of the plaintiffs had remarried, her eligibility would have been effected. 5 U.S.C. § 8341(b)(1) and (2). The CSRA provides that an adverse decision by OPM may be appealed to the Merit Systems Protection Board. 5 U.S.C. § 8347(d)(1). A Merit Systems Protection Board decision may be appealed to the Federal Circuit. 5 U.S.C. § 7703(b)(1) (2000); 28 U.S.C. § 1295(a)(9) (2000).

The government contends that the comprehensive scheme established in the CSRA controls the outcome in this case. According to the government, in order to receive the benefits authorized by the license, the plaintiffs must apply first to OPM and, if the decision is adverse, they may appeal to the Merit Systems Protection Board and then to the Federal Circuit. The government concludes that, under the CSRA, the Court of Federal Claims does not have jurisdiction to award any benefits to the plaintiffs. Instead, the plaintiffs have to comply with the CSRA and the regulations governing the payment of annuities established in the CSRA.

In support of its position, the government relies upon the Supreme Court's decisions in *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), and *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). The government argues that these decisions make it plain that under the comprehensive regime established in the CSRA, the review provisions of the CSRA are exclusive and may not be supplemented by judicial proceedings before other courts. In *Lindahl,* the Supreme Court rejected an attempt by a person who had been denied a disability annuity to challenge the Merit Systems Protection Board's decision in the Court of Federal Claims. The Supreme Court held that under the CSRA, review of a Merit Systems Protection Board decision following an appeal of an OPM decision rests exclusively before the Federal Circuit. 470 U.S. at 798–799, 105 S.Ct. 1620.

Similarly, in *Fausto*, the Supreme Court held that the CSRA does not allow a federal employee to challenge an adverse personnel action in the Court of Federal Claims because the CSRA provides that an appeal of an adverse personnel action is to be heard by the Merit Systems Protection Board and then by the Federal Circuit. 484 U.S. at 455, 108 S.Ct. 668. The Supreme Court emphasized the comprehensive nature of the remedies established in the CSRA. *Id.* ("The CSRA established a comprehensive system for reviewing personnel action taken against federal employees. Its deliberate exclusion of employees in respondent's service category from the provisions establishing administrative and judicial review for personnel action of the sort at issue here prevents respondent from seeking review in the Claims Court under the Back Pay Act.")

Based on *Lindahl* and *Fausto*, the government contends that the plaintiffs' claims for CSRS benefits before this court also must be dismissed for lack of jurisdiction. In other words, in order to recover CSRS benefits, the plaintiffs must apply to OPM and may then seek review before the Merit Systems Protection Board and then the Federal Circuit, if necessary. Thus, the government argues that this court does not have jurisdiction to provide the plaintiffs with the relief they seek.

In response, the plaintiffs concede that "administrative review of [the plaintiffs' claims before OPM] may be a desirable option ... because the calculation of the exact amount of benefits due may be more efficiently performed as part of the administrative function given the length of time and changed circumstances ...". Pl.'s Resp. 5. Nonetheless, the plaintiffs maintain that this court may retain jurisdiction over the matter under the terms of the 1963 Regulations that gave rise to the suspension of benefits in the first instance.

In particular, the plaintiffs rely on Sections 515.205 and 515.504 of the Regulations. 31 C.F.R. § 515.205 (2006) provides, in pertinent part:

(a) [A]ny person holding any property ... is prohibited from holding, withholding, using, transferring, engaging in any transac-

tions involving, or exercising any right, power, or privilege with respect to any such property, unless it is held in an interest-bearing account in a domestic bank.

(b) Any person ... shall transfer such property to or hold such property or cause such property to be held in an interest-bearing account in any domestic bank within 30 days of the effective date of this section.

\* \* \*

(j) For the purposes of this section the term person includes the United States Government ...

31 C.F.R. § 515.504 (2006) provides, in pertinent part:

(a) Subject to the limitations of paragraphs (b), (c), and (d) of this section judicial proceedings are authorized with respect to property in which on or since the "effective date" there has existed the interest of a designated national.

(b) A judicial proceeding is authorized by this section only if it is based upon a cause of action which accrued prior to the "effective date."

The plaintiffs argue that, under these provisions of the Regulations, the government was required to place the monies owed to them in an interest-bearing account, and that the government's failure to do so is grounds for a "judicial proceeding" under Section 515.504(a). Pl.'s Resp. 5

The court agrees with the government that the Court of Federal Claims does not have jurisdiction over the plaintiffs' claims for benefits under the CSRS. Consistent with the Supreme Court's holdings in *Lindahl* and *Fausto*, the court finds that the plaintiffs must follow the exclusive procedures provided for in the CSRA in order to obtain the relief they seek. Just as the plaintiffs in *Lindahl* and *Fausto* were limited to the procedures and remedies provided for in the CSRA, the plaintiffs in this case must comply with the comprehensive scheme established for obtaining CSRS benefits, which does not include filing suit in this court. In short, the plaintiffs must follow the statute and regula-

tions governing CSRS benefits in order to obtain the monetary relief they seek.[3]

Furthermore, the plaintiffs' contention that this court may maintain jurisdiction over their claims during the administrative process is not supported. As the government correctly argues, assuming *arguendo* that judicial proceedings were authorized to enforce Section 515.205, this court would not have jurisdiction over the action because the Regulations are not money-mandating. The Court of Federal Claims is a court of limited jurisdiction. *Dynalectron Corp. v. United States*, 4 Cl.Ct. 424, 428, aff'd, 758 F.2d 665 (Fed.Cir.1984). In the Court of Federal Claims, consent to suit by the United States is based upon the Tucker Act, 28 U.S.C. § 1491 (2000). The Tucker Act provides that an action may be maintained in the Court of Federal Claims only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." For this court to grant relief, there must be a provision of the Constitution, a statute or regulation that has been violated and that *requires the payment* of monetary damages. *United States v. Testan*, 424 U.S. 392, 397, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

It is clear from a brief review of the Regulations that they do not require the payment of any monetary damages by the United States. The Regulations simply require that "property" belonging to Cuban nationals that is being held in the United States be held in interest-bearing accounts. Furthermore, Section 515.205 does not in any way address the plaintiffs' entitlement to receive CSRS annuity benefits in the first instance. Contrary to the plaintiffs' suggestion, the government did not have an undisputed obligation to pay CSRS benefits into interest-bearing accounts before the plaintiffs had even applied to OPM for benefits under the terms of the 2003 license. Instead, the government's obligation to pay past CSRS benefits to the plaintiffs must first be determined by OPM. Once the issue of entitlement is resolved, under the terms of the license, the government will make payments, upon election of the beneficiary, either to Guantanamo, Cuba, where the payments can be picked up, or "into an interest bearing bank account . . . in the United States in the name of the Cuban payee," as proscribed by Section 515.205(b). Def.'s App. 2.

Because Section 515.205 is not money-mandating, the Court of Federal Claims does not have jurisdiction under Section 515.504 to enforce its terms. Therefore, the court has no basis for retaining jurisdiction over these claims.

### 2. Plaintiff Lopez's Claim for Veterans' Benefits

As noted above, Mr. Lopez is no longer seeking retirement benefits, but is instead

---

**3.** The plaintiffs have also failed to establish a contractual entitlement to the benefits they seek. It is well-established that federal employment-related benefits, such as retirement benefits, are created solely by statute. *See Schism v. United States*, 316 F.3d 1259, 1274–1275 (Fed.Cir.2002) (quoting *Zucker v. United States*, 758 F.2d 637, 640 (Fed.Cir.1985)) ("Federal employees, both military and civilian, serve by appointment, not contract. . . . In other words, [federal employees'] entitlement to retirement benefits must be determined by reference to the statute and regulations governing these benefits rather than to ordinary contract principles.' "). *See also Chu v. United States*, 773 F.2d 1226, 1229 (Fed.Cir.1985). Therefore, the plaintiffs lack a contractual right to survivor benefits.

In addition, the plaintiffs' unjust enrichment claim based on an implied-in-law contract must also be dismissed. This court does not have jurisdiction to hear implied-in-law contract claims. "It is well established that the Court of Federal Claims does not have the power to grant remedies generally characterized as those implied-in-law, that is equity-based remedies, as distinct from those based on actual contractual relationships." *Amer. Tel. & Tel. Co. v. United States*, 124 F.3d 1471, 1479 (Fed.Cir.1997) (citations omitted), *further proceedings*, 307 F.3d 1374 (Fed.Cir.2002). *See also Hercules v. United States*, 516 U.S. 417, 423, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996) ("We have repeatedly held that this jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law."); *Ace Property & Cas. Ins. Co. v. United States*, 60 Fed.Cl. 175, 186 (2004) ("The plaintiffs' claim of unjust enrichment, however, also is beyond this Court's jurisdiction. Contracts implied in law, as opposed to those implied in fact, do not fall under the Tucker Act.")

seeking veterans benefits. This court does not have jurisdiction to award veterans' benefits. 38 U.S.C. § 511 (2000); *see also Van Allen v. United States,* 66 Fed.Cl. 294, 296 (2005). To obtain veterans' benefits, Mr. Lopez would need to first file a claim with the Secretary of the Department of Veterans Affairs. 38 U.S.C. § 5101 (2000); *see also Rodriguez v. West,* 189 F.3d 1351, 1353 (Fed. Cir.1999). For this reason, Mr. Lopez's claim must be dismissed.[4]

## CONCLUSION

For all of the above-stated reasons, the plaintiffs' action must be dismissed for lack of jurisdiction. The government's motion for summary judgment is **GRANTED.** Each party is to bear its own costs.

**IT IS SO ORDERED.**

---

**4.** Moreover, payment of veterans' benefits is not provided for in the license which was issued under the Cuban Asset Regulations. Such a license would be necessary for Mr. Lopez to receive any payments he may be entitled to. It is unclear whether the absence of a license would deprive this court of subject matter jurisdiction. There is a split among certain circuits as to whether a license is jurisdictional in nature. *See Dean Witter Reynolds, Inc. v. Fernandez,* 741 F.2d 355, 360 (11th Cir.1984); *Banco Nacional De Cuba v. Turnbull,* 694 F.2d 722 unpublished op. at 2 (9th Cir.1982). The Federal Circuit has not ruled on this issue. The court does not have to resolve this issue because it lacks jurisdiction over Mr. Lopez's claim on an alternative ground.