NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5043

BARTLETT J. HANFORD,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: November 14, 2005

_____

Before MAYER, RADER, and DYK, Circuit Judges.

PER CURIAM.

Bartlett J. Hanford seeks review of an order of the United States Court of Federal Claims dismissing his complaint. Hanford v. United States, No. 04-CV-504 (Fed. Cl. Nov. 23, 2004). We affirm.

On March 29, 2004, Hanford filed a complaint seeking relief on seven counts: five claims arising from non-money-mandating constitutional provisions (a Fourth Amendment claim, two Fifth Amendment Due Process claims, a Sixth Amendment claim, and an Article VI Supremacy Clause claim), a takings claim, and a claim to enforce an "Administrative Judgment" purportedly rendered by a state administrative

tribunal in California. The trial court dismissed the constitutional claims for lack of subject matter jurisdiction; whether it properly did so is a question of law that we review de novo. See Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000). The jurisdictional statutes governing the United States Court of Federal Claims only grant authority to that court to issue judgments for money against the United States, provided that the claims are grounded in a contract or arise pursuant to a money-mandating statute, regulation, or provision of the Constitution. See 28 U.S.C. § 1491; United States v. Testan, 424 U.S. 392, 397 (1976). Because Hanford's constitutional claims do not fall within the jurisdictional grant, the trial court properly dismissed those claims for lack of jurisdiction.

We review de novo the trial court's dismissal of Hanford's takings claim for failure to state a claim upon which relief can be granted. See Boyle, 200 F.3d at 1372. To support his claim, Hanford alleged that an inspector for the federal Mine Safety and Health Administration ("MSHA") engaged in actions which caused a 147 day delay in processing his application for a local explosives permit, thereby giving rise to a temporary taking of his mine. The trial court properly found that Hanford failed to state a claim upon which relief can be granted because even if the MSHA inspector's actions caused the delay, it is insufficient as a matter of law to constitute a temporary taking. See Appolo Fuels, Inc. v. United States, 381 F.3d 1338, 1351 (Fed. Cir. 2004). Finally, the trial court properly dismissed his claim to enforce the "Administrative Judgment" because that judgment, even if authentic, was not rendered pursuant to any waiver of sovereign immunity by the United States government, meaning it had no legal effect. See, e.g., Lane v. Pena, 518 U.S. 187, 192 (1996).

05-5043                    2