**Kini COSMA–NELMS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 05–1201C.

United States Court of Federal Claims.

July 17, 2006.

---

## OPINION & ORDER

SMITH, Senior Judge.

Defendant filed a Motion to Dismiss pursuant to the United States Court of Federal Claims Rule (RCFC) 12(b), arguing that this Court does not have subject matter jurisdiction to hear Plaintiff's complaint and additionally that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff has filed numerous documents, none of which are a clear response to Defendant's motion. However, the court shall construe the document received on March 23, 2006 titled "Post–Trial Minimized Damage and Property Loss" as Plaintiff's Response to Defendant's Motion to Dismiss. (Pl.Resp.)[1] After review of all the pleadings, the Court hereby GRANTS the Defendant's Motion to Dismiss.

## FACTS

Plaintiff's complaint can be divided into three separate groups of claims. The first set of claims involve a series of allegations of negligent behavior and other torts by the Defendant, the United States District Court for the Northern District of California, and the United States District Court for the Eastern District of California. These claims arise not from a single act, but a series of instances relating to Plaintiff's various run-ins with the law stretching back into the

---

1. Plaintiff's filing "Post–Trial Minimized Damage and Property Loss" is not numbered but will be cited with reference to page numbers.

mid–1990's.[2] Specifically, Plaintiff alleges she was falsely arrested, falsely imprisoned, harassed, sexually harassed, emotionally distressed, and subject to abject poverty and political uncertainty. Compl. pp. 2–3. Plaintiff also claims slander, libel, malicious prosecution, abuse of discretion of the courts, police and parole officer misconduct, invasion of privacy, and malicious use of civil processes. Compl. pp. 4–5. Plaintiff requests $50,000,000 in damages for these alleged torts. The second set of claims allege various injuries related to Plaintiff's criminal prosecution. The final claim alleges a conspiracy between the State of California and the United States District Courts in California to divest Plaintiff of her purported interest in a family estate trust left to the Plaintiff and her brothers valued at $400,000.

### DISCUSSION

This Court holds the pleadings of *pro se* plaintiffs to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, as the Plaintiff before this Court is *pro se,* the pleadings are construed liberally. A court will grant a defendant's motion to dismiss when it lacks subject matter jurisdiction as provided in RCFC 12(b)(1). Moreover, a plaintiff bears the burden to establish that the Court has jurisdiction if a defendant so challenges. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

■ It is well settled that this Court does not have subject matter jurisdiction to hear Plaintiff's first set of claims for negligence and other tortious conduct. Plaintiff's claims arise from her various arrests, trials, convictions, and detentions dating back to 1997, including her prosecution for Delay or Destruction of Mail in 2001. *See generally* Pl. Resp. As a result, Plaintiff believes that she has been the victim of a concerted effort by law enforcement and the judiciary to harass and deprive the Plaintiff of her rights. The Tucker Act grants this Court the subject

matter jurisdiction over all monetary claims against the United States "not sounding in tort." 28 U.S.C. § 1491(a) (2000). It is clear that Plaintiff's first set of claims for negligence and other torts allegedly committed by Defendant sound in tort. Even within the relaxed pleadings context afforded to *pro se* plaintiffs, Plaintiff's claims relating to the criminal prosecution and enforcement actions taken against her by the State of California and the United States alleged in the complaint clearly fall outside the subject matter jurisdiction of this Court and must, therefore, be dismissed.

■ Plaintiff further alleges various violations of her Constitutional rights. For example, Plaintiff cites "jail conditions" and "environmental tobacco smoke," apparently encountered during her incarceration, as Cruel and Unusual Punishment under the Eighth Amendment and an incident regarding "bible studies and other correspondence through the mail" as a violation of her First Amendment rights. Pl. Resp. pp. 15–16. As the Tucker Act does not create a cause of action, a plaintiff must articulate a money mandating statute which is "reasonably amendable to the reading that it mandates a right to recovery in damages." *Fisher v. United States,* 402 F.3d 1167, 1174 (Fed.Cir. 2005) (citing *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)). This Court's jurisdiction only extends to those provisions of the Constitution which are money mandating and does not include claims based on the First Amendment, the Due Process Clause, the Eighth Amendment, or the Equal Protection Clause. *Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir. 1997); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983). Since this Court does not have the subject matter jurisdiction to hear Plaintiff's claims based on the Constitution and Plaintiff has failed to provide a money mandating federal statute or regulation creating a cause of ac-

---

**2.** Therefore, many of Plaintiff's claims are actually against the State of California and not the

Defendant.

tion for which relief may be granted, they must also be dismissed.

■ Plaintiff also asserts Defendant conspired to deprive her of a purported interest in a family estate trust worth $400,000. Pl. Resp. p. 13. However, Plaintiff alleges in her response that Polarcap Chabad Enterprises, not the federal government, mishandled her alleged interest in the trust. Pl. Resp. p. 13. Since Plaintiff's claim is against a private company and not the federal government, this Court lacks jurisdiction and the claim must be dismissed.

### CONCLUSION

This Court lacks subject matter jurisdiction over Plaintiff's various claims. The Court hereby GRANTS Defendant's Motion to Dismiss. The Clerk of the Court is directed to DISMISS Plaintiff's complaint WITHOUT PREJUDICE.

It is so **ORDERED.**