**Allah Akbar BURMAN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 06–871 C.

United States Court of Federal Claims.

March 19, 2007.

Allah Akbar Burman, Pro Se, El Reno, Oklahoma.

Sean McNamara, Trial Attorney, with whom were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Mark Melnick, Assistant Director; Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER

SMITH, Senior Judge.

Defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the United States Court of Federal Claims, arguing that this Court lacks the subject matter jurisdiction to hear the Plaintiff's Complaint.[1] Plaintiff's Complaint stems from an incident on May 22, 2001 at 2:00 a.m. where the plaintiff was arrested by Federal and local law enforcement officers following a traffic stop. The law enforcement officers arrested Plaintiff and allegedly "never advised him of his rights." Compl. 2. When Plaintiff asked "what's this all about?," the arresting officers replied that they had a "sealed indictment on him back in Maryland."[2] *Id.* Further, Plaintiff asserts that the law enforcement officers unlawfully searched his house and removed, among other things, "some assorted jewelry, two 2001 Motorcycles, [and] twenty three thousand dollars in cash ..." *Id.* Finally, Plaintiff was detained and allegedly confined without being granted access to a magistrate judge for several days. Plaintiff brings three Counts of false imprisonment against Defendants including allegations of "false imprisonment, loss of liberty, loss of the right to pursue his happiness, loss of time and wages in his work, defamation of character, libel, harassment," and other assorted "assaults and batteries to his person." *See generally* Compl. In addition, Plaintiff alleges that the government unlawfully seized his property when the law enforcement agents searched

---

1. Plaintiff has filed a Motion for Leave to File *In Forma Pauperis.* It appearing that Plaintiff satisfies the *In Forma Pauperis* requirements, the Court hereby **GRANTS** the Motion. Plaintiff has also recently filed a Motion entitled "Motion for Injunction Relief." The Motion requests monetary damages for the reasons set forth in his complaint as well as new tort claims against certain prison guards. The Court hereby **DENIES** this Motion in light of this Opinion.

2. On January 29, 2003, a jury convicted Burman on two counts, one for conspiring to distribute cocaine and the other for possession with intent to distribute cocaine. *United States v. Burman,* Crim. No. L–00–0115 (D.Md) cited in *Burman v. United States,* 2007 U.S. Dist. LEXIS 9065, at *1 (D.Md.2007).

his house. Plaintiff seeks damages of $30,000,000.00. The Court hereby **GRANTS** the Defendant's Motion to Dismiss.

Pleadings of *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Thus, because Plaintiff is before this Court *pro se,* the pleadings will be construed liberally. *Cosma–Nelms v. United States,* 72 Fed.Cl. 170, 172 (2006). Pursuant to RCFC 12(b)(1), the Court must grant a Motion to Dismiss if it lacks subject matter jurisdiction. The Tucker Act grants this Court jurisdiction to "render judgement upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department ... in cases not *sounding in tort.*" 28 U.S.C. § 1491(a)(1) (2006) (emphasis added). Additionally, this Court's jurisdiction over Constitutional claims "extends to those provisions of the Constitution which are money mandating and does not include claims based on the First Amendment, the Due Process Clause, the Eighth Amendment, or the Equal Protection Clause." *Cosma–Nelms,* 72 Fed.Cl. at 172.

■ Plaintiff brings various tort claims against the Defendant for negligent and intentional conduct, including false imprisonment, loss of time and wages, defamation, libel, assault, and battery resulting from Plaintiffs arrest and subsequent detainment. Counts I, II, and III of the Complaint alleging tortuous conduct by Defendants sound in tort and must be dismissed.

■ In Count II, Plaintiff alleges that his "due process" rights were violated when he was "arrested, searched, and hand cuffed ... without [having] a warrant." Compl. 1. In *LeBlanc v. United States,* the court held that this Court does not have jurisdiction over Due Process violations under the Fifth and Fourteenth Amendments. *LeBlanc,* 50 F.3d 1025, 1028 (Fed.Cir.1995). These claims must be dismissed as well.[3]

---

**3.** In the "Jurisdictional Statement" that Plaintiff has attached to his complaint, Plaintiff alleges that this Court has jurisdiction under "title 28 U.S.C.A. § 1331 Federal Question, and title 5

■ Finally, Plaintiff's complaint generally alleges an unlawful taking of his property in connection with his arrest. Compl. ¶ 7, 2. While the Defendant failed to brief this issue, Plaintiff has brought a claim for the unlawful seizure in the United States District Court for the District of Maryland and the case is currently pending resolution on remand from the United States Court of Appeals for the Fourth Circuit. *See Burman v. United States,* 2007 U.S. Dist. LEXIS 9065, at *1 (D. Md 2007). Pursuant to 28 U.S.C.A. § 1500, this Court does not have jurisdiction over any claim a plaintiff "has pending in any other court ... against the United States." 28 U.S.C.A. § 1500; *Loveladies Harbor Inc. v. United States,* 27 F.3d 1545, 1551 (Fed.Cir. 1994) (stating that for the Court of Federal Claims to be precluded under 28 U.S.C.A. § 1500, the claim must be pending in another court, arise from the same operative facts, and seek the same relief). Therefore, this Court lacks subject matter jurisdiction to hear Plaintiff's unlawful seizure claim because the matter is pending in another federal court with the same operative facts and seeking the same relief.

## CONCLUSION

The Court lacks subject matter jurisdiction over Plaintiff's claims. Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss. The Clerk of the Court is directed to **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE.**

It is so ORDERED.

---

U.S.C.S. § 706(2)(A), (2)(B), (2)(D) and (2)(F)." Neither of these code sections are applicable here.