**Jesse RILES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 10–12C.**

United States Court of Federal Claims.

June 8, 2010.

Jesse Riles, Los Angeles, California, Pro Se.

Carrie A. Dunsmore, Trial Attorney, with whom were Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; Brian Simkin, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

### OPINION and ORDER

SMITH, Senior Judge.

The Court hereby **GRANTS** Plaintiff's Motion to Correct and Motion to Amend Complaint. However, after careful review and consideration, the Court hereby **GRANTS** Defendant's Motion for Summary Dismissal and **DENIES** Plaintiff's request to transfer this case to a federal district court.

■ The Tucker Act grants this Court jurisdiction over all claims against the government, not sounding in tort, that are based on a money-mandating provision within the Constitution or a federal statute. 28 U.S.C. § 1491. While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed.Cir.2002).

### 1. Plaintiff's Claims Do Not Give Rise to This Court's Jurisdiction

■ Mr. Riles' Amended Complaint sets forth various claims for alleged constitutional violations, but fails to provide a money-mandating statute as required for this Court to retain jurisdiction. As far as the Court can tell, Mr. Riles' claims include alleged violations of his right to privacy, personal liberties, equal protection rights, and other due process rights, as well as violations of the prohibition against cruel and unusual punishment under the Eighth Amendment. (Am. Compl. 1–3.) None of these Constitutional provisions are money-mandating. *See, e.g., LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) (holding that the Due Process and Equal Protection Clauses are not money-mandating); *Cosma–Nelms v. United States*, 72 Fed.Cl. 170, 172 (2006) (holding that the Court does not have jurisdiction over Eighth Amendment claims).

■ Mr. Riles' remaining claims, which involve IRS agents and their allegedly improper "investigative techniques," are claims sounding in tort and, therefore, are also outside this Court's jurisdiction. 28 U.S.C. § 1491. Specifically, Plaintiff cites the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, as the basis for his $50,000,000 demand for damages. (Am. Compl. 5.) However, federal district courts have exclusive jurisdiction over FTCA claims, not this Court. *Id.* § 1346(b).

■ In response to Defendant's Motion to Dismiss, Mr. Riles argues that his claims can be rephrased as a regulatory taking of his "private information." (*See* Pl.'s Opp'n to Def.'s Mot. for Summ. Dismissal 1–3.) The "private information" that Plaintiff alleges has been taken is that: (1) the government is "[p]reventing plaintiff from engaging in his chosen occupation" of bookkeeping and tax preparation; (2) the government is "[s]topping people from buying his book;" and (3) the government is "[s]topping people from interviewing him that are willing to pay him for it." *Id.* at 2. This argument fails because Plaintiff's private thoughts and activities cannot be construed as being private property or intellectual property that would be subject to a regulatory taking, which is necessary for this Court to have jurisdiction. At most, these are tort claims. Furthermore, the Court was easily able to find both of Mr. Riles' books on the internet at Amazon.com, and so it would appear that the Defendant has not prevented the sale of his books. Therefore, the Court lacks jurisdiction, as the Plaintiff has not alleged any facts sufficient to give rise to a valid takings claim.

■ Plaintiff further attempts to draw an analogy between his rephrased "takings claim" and a patent infringement claim. *Id.*

This analogy fails because, even if Plaintiff could prove that he holds some intellectual property right in his private thoughts, Plaintiff has not alleged any facts sufficient to hold the government liable for money damages on any such patent or copyright claim. *Id.*

### 2. Transfer to Federal District Court is Not Proper

Alternatively, in the last sentence of Plaintiff's Opposition to Defendant's Motion for Summary Dismissal, Mr. Riles requests that this Court transfer his Complaint to "the appropriate court." (Pl.'s Opp'n to Def.'s Mot. 3.) When this Court lacks jurisdiction and must decide whether to transfer or dismiss a case, the Court "must make a general assessment of whether the case has a potentially valid claim." *Taylor v. United States,* 92 Fed.Cl. 36, 39 (Fed.Cl.2010). Even if a district court would have jurisdiction, "it would still be a waste of judicial resources to transfer a case that could not succeed on the merits." *Id.* The two-part inquiry is: (1) whether it is "possible that there is jurisdiction in the District Court;" and (2) whether "the claim [has] any chance of receiving a remedy in the District Court." *Id.* This inquiry resolves the problem of determining what is "often referred to as 'in the interest of justice' and 'the efficient administration of justice.'" *Id.*

Here, the Court clearly lacks subject matter jurisdiction over Plaintiff's tort and constitutional claims, while a federal district court would have jurisdiction to hear Plaintiff's constitutional claims, and exclusive jurisdiction to hear Plaintiff's claims under the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b). Therefore, the proper forum to file this suit was in a federal district court. However, the Court's inquiry does not stop there. The Court must also decide whether Plaintiff's claims, if transferred, have "any chance of receiving a remedy in the District Court." *Taylor,* 92 Fed.Cl. at 39. Based on the facts and reasons stated above, the Court holds that they do not. Therefore, even though Mr. Riles is a *pro se* plaintiff who has already paid the filing fee in this Court, transferring Plaintiff's Complaint is not in the interest of justice because none of his alleged constitutional, tort, or takings claims have any chance of being remedied in a district court.

### 3. Conclusion

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion for Summary Dismissal and **DENIES** Plaintiff's request to transfer the case. The Clerk is directed to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint.

**It is so ORDERED.**