**David Paul BRAHO, Plaintiff,**

**v.**

---

NOT IDENTIFIED,[1] Defendant.

No. 11–230C.

United States Court of Federal Claims.

July 11, 2011.

---

1. Plaintiff did not include a caption or specifically identify a defendant when he submitted his initial filing. In order to process the filing, the Office of the Clerk of the United States Court of Federal Claims inserted the United States as the defendant and assigned a case number. In his subsequent filing, the plaintiff adopted the Clerk's Office caption and listed the United States as the defendant.

David P. Braho, Hermitage, Pa., pro se.

Daniel G. Kim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Jeanne E. Davidson, Director, Commercial Litigation Branch, and Tony West, Assistant Attorney General, Civil Division.

## ORDER

HORN, Judge.

Plaintiff David Paul Braho submitted a *pro se* filing to this court on April 7, 2011, alleging $87.6 billion in damages related to a July 15, 2000 traffic stop on a Pennsylvania road. According to Mr. Braho, a police officer stopped him for driving past a stop sign. Plaintiff alleges that the officer requested Mr. Braho's license and registration and examined them in the officer's vehicle. Plaintiff further alleges that:

> after returning whithout[2] [sic] my documents the police officer proceded [sic] to ask me "What is your address." After considerig [sic] the officers [sic] procedure of checking my registration and for a stollen [sic] motor vehicle complaint, I responded with the question 'Are you illerate [sic].' The officer repeated the same question. I responded with the same question. this [sic] time there was no response, so I proceded [sic] to put out my cigarette and get out of my motor vehicle to retreive [sic] my three documonts [sic].[3]

Mr. Braho asserts that the officer responded by spraying mace in his eyes and, subsequently, arrested him for driving under the influence of alcohol.

Mr. Braho claims that his arrest constituted "willful misconduct by the officer of the Laws of Congress" because the police officer did not administer a blood test, nor did the officer obtain a warrant or subpoena before examining Mr. Braho's three documents. Additionally, Mr. Braho argues that the driving under the influence charge is invalid because he was never indicted by a grand jury. In his initial filing, plaintiff claims that he "informed Judge Dolbson [sic][4] . . . of the need for a grand jury Indictment." He claims that the altercation left him "blindied [sic] for several days," resulting in the loss of one year's pay, and forcing him to initiate "Bankruptsy [sic] chapter 11 (claim is greater than counterclaim) accounting procedure." These damages, he asserts, entitle him to a "full years pay," calculated "at the rate of 'U.S.C.. [sic] 1994 ed.' one fellony [sic] per .1 of a hour," totaling "250,000 dollars per count." Mr. Braho further asserts that this amount should be quadrupled, "plus costs," because the defendant is "an orginization [sic]," and the "United States is also not a chartiable [sic] orginization [sic]." No calculation was offered by Mr. Braho in support of his claim for $87.6 billion in total damages, which is the number indicated on the cover sheet of his filing.

On May 11, 2011, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. Plaintiff responded with "Plaintiff's Motion to Strike Defendant's Motion to Dissmiss [sic] and Insufficent [sic] Defense." Among the references in plaintiff's response there also is a reference to an unrelated Mercer County, Pennsylvania court case, apparently involving a kidnapping.

## DISCUSSION

■ Plaintiff has submitted his documents *pro se*, along with the $350.00 filing fee. When determining whether an initial pleading filed by a pro se plaintiff is sufficient to

---

**2.** Grammatical and spelling errors are quoted as they appear in plaintiff's submissions.

**3.** Mr. Braho does not identify the three documents in his initial filing or in his response to defendant's motion to dismiss.

**4.** There is a Judge Thomas R. Dobson listed as a judge on the Mercer County Court website, who may be the individual to whom plaintiff is referring. *See* Mercer County Court System, *available at* http://www.mercercountypacourts.org/judges. html.

invoke review by a court, pro se plaintiffs are entitled to liberal construction of their submissions. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court … to create a claim which [plaintiff] has not spelled out in his [or her] pleading…. ' " *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Bussie v. United States*, 96 Fed.Cl. 89, 94 (2011); *Minehan v. United States*, 75 Fed.Cl. 249, 253 (2007). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed.Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. at 9, 101 S.Ct. 173 and *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed.Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), *reh'g and reh'g en banc denied* (Fed.Cir. 2002)).

■ "First, 'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.' " *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, —— U.S. ——, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011);

*see also Hertz Corp. v. Friend*, —— U.S. ——, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing *Arbaugh v. Y & H Corp.*, 546 U.S. at 514, 126 S.Ct. 1235)); *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1342 (Fed.Cir.2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.*, 918 F.2d 160, 161 (Fed.Cir.1990))); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed.Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction … may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. at 506, 126 S.Ct. 1235; *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1346 (Fed.Cir.2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing *Arbaugh v. Y & H Corp.*, 546 U.S. at 506, 126 S.Ct. 1235; *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2004), *cert. denied*, 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); and *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed.Cir.1998))); *Pikulin v. United States*, 97 Fed.Cl. 71, 76 (2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where, as here, neither party has raised this issue." *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed.Cir.2004) (citing *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1485 (Fed.Cir.), *reh'g and en banc suggestion denied* (Fed.Cir.), *cert. denied*, 525 U.S. 826, 119 S.Ct. 73, 142 L.Ed.2d 58 (1998)), *reh'g and reh'g en banc denied* (Fed.Cir.2004), *cert. dismissed as improvidently granted*, 548 U.S. 124, 126 S.Ct. 2921, 165 L.Ed.2d 399 (2006).

Pursuant to the Rule 8(a) of the United States Court of Federal Claims (RCFC) and Rule 8(a) of the Federal Rules of Civil Proce-

.. no.

dure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC, 8(a)(1), (2) (2010); Fed.R.Civ.P. 8(a)(1), (2) (2011); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–57, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir. 1997); *see also Klamath Tribe Claims Comm. v. United States,* 97 Fed.Cl. 203, 208 (2011); *Gonzalez–McCaulley Inv. Grp., Inc. v. United States,* 93 Fed.Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed. 2004)). As stated in *Ashcroft v. Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

■ When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555–56, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 n.

1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002))); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Samish Indian Nation v. United States,* 419 F.3d 1355, 1364 (Fed.Cir.2005); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003).

■ The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Navajo Nation,* 556 U.S. 287, 129 S.Ct. 1547, 1551, 173 L.Ed.2d 429 (2009); *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *see also Greenlee Cnty., Ariz. v. United States,* 487 F.3d 871, 875 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2007), *cert. denied,* 552 U.S. 1142, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999).

■ "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also United States v.*

*White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Radioshack Corp. v. United States,* 566 F.3d 1358, 1360 (Fed.Cir.2009); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343 ("[P]laintiff must ... identify a substantive source of law that creates the right to recovery of money damages against the United States."). In *Ontario Power Generation, Inc. v. United States,* 369 F.3d 1298 (Fed.Cir. 2004), the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types.... First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver.... Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." *Eastport S.S. [Corp. v. United States,* 178 Ct.Cl. 599,] 372 F.2d [1002,] 1007–08 [ (1967) ] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket' " (quoting *Clapp v. United States,* 127 Ct.Cl. 505, 117 F.Supp. 576, 580 (1954))).... Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." *Eastport S.S. [Corp. v. United States],* 372 F.2d at ·1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Id.; see also [United States v.] Testan,* 424 U.S. [392,] 401–02, 96 S.Ct. 948 ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself ... can fairly be interpreted

as mandating compensation by the Federal Government for the damage sustained.' " (quoting *Eastport S.S. [Corp. v. United States],* 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

*Ontario Power Generation, Inc. v. United States,* 369 F.3d at 1301.

██ To prove that a statute or regulation is money mandating, plaintiff must demonstrate that an independent source of substantive law relied upon " 'can fairly be interpreted as mandating compensation by the Federal Government.' " *United States v. Navajo Nation,* 129 S.Ct. at 1552 (quoting *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948); *see also United States v. White Mountain Apache Tribe,* 537 U.S. at 472, 123 S.Ct. 1126; *United States v. Mitchell,* 463 U.S. at 217, 103 S.Ct. 2961; *Blueport Co., LLC v. United States,* 533 F.3d 1374, 1383 (Fed.Cir.2008), *cert. denied,* 555 U.S. 1153, 129 S.Ct. 1038, 173 L.Ed.2d 468 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See *United States v. Navajo Nation,* 129 S.Ct. at 1551 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.,* statutes or contracts).")). "If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1308 (Fed.Cir.2008) (quoting *Greenlee Cnty., Ariz. v. United States,* 487 F.3d at 876); *Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); *Peoples v. United States,* 87 Fed.Cl. 553, 565–66 (2009).

Mr. Braho makes a wide variety of allegations in his submissions, including tort claims against a police officer, charges of criminal actions related to his arrest, and constitutional claims that his Fourth Amendment rights were violated. In response, defendant filed a motion to dismiss, asserting that "Mr. Braho presents no claim within this court's jurisdic-

tion." Defendant argues that neither the plaintiff's constitutional challenges, nor his tort claims, gives rise to a claim for money damages that can be properly entertained by this court. Additionally, defendant points out that Mr. Braho submitted his initial filing more than ten years after the alleged traffic stop, and that pursuant to 28 U.S.C. § 2501 (2006), the United States Court of Federal Claims does not have jurisdiction to hear claims filed more than six years after the claims accrue. In response, Mr. Braho filed "Plaintiff's Motion to Strike Defendant's Motion to Dismiss [sic] and Insufficent [sic] Defense." [5] In his response, albeit without any details or documentation, plaintiff alleges that he has a "legal disability" that "has not ceased as of yet," which may be his attempt to rely on the tolling provision in 28 U.S.C. § 2501. Plaintiff also argues that the "statute of limitations is affected acording [sic] to law" because "the offical [sic] record for the case … contains a kidnapping charge, which acording [sic] to title 18–242 [6] is a felony A." In his response, however, plaintiff fails to address any of the defendant's jurisdictional arguments.

■ Basic to the jurisdictional defects in plaintiff's submissions, this court does not have jurisdiction to review Mr. Braho's claims because he does not identify the United States as a defendant. Plaintiff's initial filing does not identify a particular defendant, and the body of his filings reference only the alleged misdeeds of an unnamed police officer and a "Judge Dolbson [sic]." In fact, no agency of the United States, nor any United States employee is identified by plaintiff as involved in the actions which he alleges as the basis of his claims. All claims in the United States Court of Federal Claims must designate the United States as the defendant. *See* RCFC, 10(a) (2010); *see also Eskridge Research Corp. v. United States*, 92

Fed.Cl. 88, 95 (2010) (citing *Howard v. United States*, 230 Fed.Appx. 975, 976 (Fed.Cir. 2007)); *Shalhoub v. United States*, 75 Fed.Cl. 584, 585 (2007).

■ Moreover, plaintiff's claims regarding his traffic stop, subsequent arrest, and apparent adjudication do not provide a jurisdictional basis to proceed in this court for numerous additional reasons. First, this court lacks jurisdiction over state agencies and private individuals. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed.Cir. 2007); *Woodson v. United States*, 89 Fed.Cl. 640, 649 (2009) (citing *Shalhoub v. United States*, 75 Fed.Cl. at 585). As noted above, Mr. Braho fails to identify the United States as a defendant, and does not implicate any federal agency, federal action, or federal official. Also, as noted above, the only individuals Mr. Braho refers to in his initial filing are the unnamed police officer and the Judge, who both appear to be state officials involved in the traffic stop plaintiff describes.

■ Second, Mr. Braho seeks recovery for damages that resulted when the police officer allegedly sprayed Mr. Braho with mace, causing plaintiff physical injury, a claim which sounds in tort. This court, however, does not have jurisdiction to entertain tort claims. *See* 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d at 1343; *Alves v. United States*, 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir. 1997); *Golden Pacific Bancorp v. United States*, 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Hampel v. United*

---

5. "Courts view motions to strike with disfavor and rarely grant them. A motion to strike must be directed to a 'pleading,' which term has been construed narrowly by the courts. Other court documents may not be attacked by a motion to strike." *Fisherman's Harvest, Inc. v. United States,* 74 Fed.Cl. 681, 690 (2006) (citations omitted); *see also Info. Scis. Corp. v. United States,* 86 Fed.Cl. 269, 276 n. 1, *recons. denied,* 88 Fed.Cl. 626 (2009).

6. Plaintiff may be referring to 18 U.S.C. § 242 (2006), which concerns deprivation of constitutional rights under color of law. This court does not have jurisdiction over such claims. *See* 28 U.S.C. § 1343(a)(4) (2006); *McCullough v. United States,* 76 Fed.Cl. 1, 5 (2006), *appeal dismissed,* 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert. denied,* 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007).

*States,* 97 Fed.Cl. 235, 238 (2011); *Woodson v. United States,* 89 Fed.Cl. 640, 650 (2009); *McCullough v. United States,* 76 Fed.Cl. at 3; *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed. Cl. 732, 739, *aff'd,* 204 Fed.Appx. 885 (Fed. Cir.), *reh'g denied* (Fed.Cir. 2006).

Third, to the extent Mr. Braho alleges criminal conduct on the part of the police officer, this court lacks jurisdiction to adjudicate criminal actions. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994) (noting the "specific civil jurisdiction" of the Court of Federal Claims); *see also Mendes v. United States,* 88 Fed.Cl. 759, 762, *appeal dismissed,* 375 Fed.Appx. 4 (Fed.Cir.2009); *Hufford v. United States,* 87 Fed.Cl. 696, 702 (2009) (holding that the Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); *Matthews v. United States,* 72 Fed.Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), *recons. denied,* 73 Fed.Cl. 524 (2006).

Fourth, Mr. Braho alleges that the police officer violated his Fourth Amendment rights when the officer obtained his three documents without a warrant or subpoena. Fourth Amendment violations, however, do not mandate monetary relief and do not provide a jurisdictional basis to proceed in this court. *See Hampel v. United States,* 97 Fed. Cl. at 238; *see also Brown v. United States,* 105 F.3d at 623–24; *Hanford v. United States,* 63 Fed.Cl. 111, 119 (2004), *aff'd,* 154 Fed.Appx. 216 (Fed.Cir.2005), *reh'g denied* (Fed.Cir.), *cert. denied,* 549 U.S. 1341, 127 S.Ct. 2045, 167 L.Ed.2d 767, *reh'g denied,* 551 U.S. 1111, 127 S.Ct. 2931, 168 L.Ed.2d 258 (2007); *Smith v. United States,* 51 Fed. Cl. 36, 38 (2001), *aff'd,* 36 Fed.Appx. 444 (Fed.Cir.), *reh'g denied,* 42 Fed.Appx. 469 (Fed.Cir.), *cert. denied,* 537 U.S. 1010, 123 S.Ct. 505, 154 L.Ed.2d 412 (2002); *Carter v. United States,* 228 Ct.Cl. 898, 898 (1981). Therefore, this court does not have jurisdiction to adjudicate Mr. Braho's Fourth Amendment claims.

Fifth, whether or not Mr. Braho's driving under the influence arrest required a grand jury indictment, as alleged by plaintiff, similarly, is not a question this court may properly consider. *See Schweitzer v. United States,* 82 Fed.Cl. 592, 596 (2008) (holding that the United States Court of Federal Claims has no authority to entertain challenges to indictments, arrests, prosecutions, convictions, imprisonments, or parole); *see also Kania v. United States,* 227 Ct.Cl. 458, 464, 650 F.2d 264, 268, *cert. denied,* 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981).

Finally, although Mr. Braho may be trying to rely on the tolling provision in 28 U.S.C. § 2501, which allows a person under a legal disability to file a claim in this court "within three years after the disability ceases," 28 U.S.C. § 2501, plaintiff has provided no evidence or specific information beyond general allegations that he suffered or suffers from a specific mental condition, in order to support a claim that he was prevented from filing a timely lawsuit. "The law presumes sanity and competency rather than insanity and incompetency. The burden of proving mental incapacity is on the claimant in order to qualify as suffering from a legal disability within the intendment of 28 U.S.C. § 2501." *Goewey v. United States,* 222 Ct.Cl. 104, 112, 612 F.2d 539, 544 (1979). Moreover, to the extent Mr. Braho argues that the statute should be equitably tolled, the United States Supreme Court determined in *John R. Sand & Gravel Co. v. United States,* that this court's statute of limitations, as provided for in 28 U.S.C. § 2501, is jurisdictional, and equitable tolling of that statute is not available. *See John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 134, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008); *see also Freeman v. United States,* 98 Fed.Cl. 360, 369 (2011).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED** and plaintiff's action is **DISMISSED,** with prejudice, in this court. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**